AO 91 (Rev. 01/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Western District of New York

FILED
APR 18 2011
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

| | |
|---|---|
| United States of America )<br>v. )<br>**STEVEN A. KNIGHTON** )<br> )<br> )<br>*Defendant* | Case No. 11-M- 76 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of __03/13/2009__ in the county of __Erie__ in the __Western__ District of __New York__, the defendant violated __21__ U.S.C. § __846__, an offense described as follows:

the defendant, STEVEN A. KNIGHTON, did knowingly and intentionally conspire, and did knowingly and intentionally attempt, unlawfully to possess with the intent to distribute more than 500 grams of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of Title 21 United States Code, Section 841(a)(1).

This criminal complaint is based on these facts:

I further state that I am a Task Force Agent with the United States Drug Enforcement Administration and that this complaint is based on the following facts:  See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*
CLINTON CALLOWAY
Task Force Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 18, 2011

*Judge's signature*
HON. H. KENNETH SCHROEDER, JR.
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and state:     Buffalo, New York

**AFFIDAVIT**

STATE OF NEW YORK    )
COUNTY OF ERIE       ) SS:
CITY OF BUFFALO      )


**CLINTON CALLOWAY**, Task Force Agent of the Drug Enforcement Administration, United States Department of Justice, Buffalo, New York, having been duly sworn, states:

1.  I am a Task Force Agent with the Drug Enforcement Administration ("DEA") and as such, I am an "investigative or law enforcement officer" of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in the Comprehensive Drug Abuse Prevention and Controlled Substance Act of 1970, Title 21 of the United States Code, as amended. I have been a Task Force Agent with the DEA since November, 2001. Prior to my assignment to the DEA, I was a Narcotics Investigator for six years with the New York State Police. I have been employed by the New York State Police as a sworn law enforcement officer since March of 1987. As part of my assignment with the DEA, I successfully completed DEA basic task force agent training, an intensive course covering all aspects of drug enforcement. Based on my training and experience, I am

familiar with how controlled substances are cultivated, manufactured, processed, packaged, distributed, sold and used within the framework of drug trafficking.

2. I make this Affidavit in support of an application for a Criminal Complaint and Arrest Warrant charging STEVEN A. KNIGHTON ("KNIGHTON") with violations of Title 21 United States Code, Section 846. Based upon my investigation, which includes conversations with confidential sources, covert surveillance, and information provided by other law enforcement officers, there is probable cause to believe that KNIGHTON conspired to and attempted to possess two (2) kilograms of cocaine, a Schedule II controlled substance, with intent to distribute them, on March 13, 2009.

3. On March 13, 2009, New York State Police Investigator Doug Davis developed information that a 2005 Chevrolet van, bearing Massachusetts registration 44RF93, would be transporting several kilograms of cocaine on Interstate 90 (I-90). It was reported that the van had a hidden compartment, or trap, for transporting the cocaine in the area of the passenger-side air bag. The van was to be stopping at the Warners Service Area rest stop of I-90 near Syracuse.

4.      The information developed by Investigator Davis proved to be reliable when law enforcement officers located the van at the Warner Service Area rest stop and found three kilograms of cocaine in the trap and four kilograms of cocaine in a natural void in a rear quarter panel of the van.  The driver of the van waived his Miranda rights to silence and to counsel and agreed to cooperate as a confidential informant ("CI") for the New York State Police.  The CI has an extensive criminal record.  The CI's motive to cooperate after the cocaine was found at the Warner Service Area rest stop was to seek a more favorable resolution of the CI's own criminal liability.

5.      The CI stated that the CI was to have delivered one kilogram of cocaine at the Warners Service Area rest stop but that the others were to be delivered to the Buffalo, New York, area.  The CI reported that four of the kilograms of cocaine were pre-paid by one customer and that a second Buffalo-area customer owed the CI a balance of $41,000 (US) for the remaining two kilograms of cocaine.

6.      The CI agreed to arrange to meet the second customer, who was identified as Steven A. KNIGHTON, and to claim to KNIGHTON to be ready to deliver the two kilograms of cocaine in return for the unpaid balance of the purchase price of the cocaine.  The CI made

several calls to KNIGHTON to arrange the delivery location as the Galleria Mall parking lot, near Macy's department store, Cheektowaga, New York, and the approximate delivery time. The CI's calls were not recorded, but a law enforcement officer listened in to the CI's side of the conversation arranging the meeting. The CI reported that KNIGHTON was to be driving a black 2009 Chevrolet Tahoe.

7. The CI was taken to the parking lot of the Galleria Mall by law enforcement officers. After the black 2009 Tahoe was observed in the parking lot of the Galleria Mall near the agreed-upon delivery place and time, the CI observed and identified KNIGHTON based upon their past dealings. The CI confirmed that KNIGHTON was the person to whom the CI had spoken by telephone to confirm the arrangement to deliver the two kilograms of cocaine in return for the $41,000 balance of the purchase price. The money that the CI had reported that the CI was to be paid for the balance of the purchase price of the two kilograms of cocaine, $41,000 (US), was found, banded and shrink wrapped, in the center console of KNIGHTON's black 2009 Tahoe. KNIGHTON's presence at the Galleria Mall, in the black 2009 Tahoe, with $41,000 cash, after the telephone calls with the CI to arrange the time and place of the delivery of and payment for the cocaine, confirmed the CI's

information that KNIGHTON had agreed to purchase and was to pick up and pay for the cocaine.

8. KNIGHTON told law enforcement officers that he had been waiting for his girlfriend to come out of the mall, but law enforcement surveillance had determined that KNIGHTON traveled to the delivery location by himself and no girlfriend appeared on the scene. KNIGHTON also stated he did not believe in banks, and that he was unemployed and was receiving $1,800 a month in disability payments. KNIGHTON's excuses for why he showed up for a drug deal for two kilograms of cocaine with an unpaid balance of the purchase price of $41,000, at the right place and at the right time, and with the $41,000 cash in his possession, are so implausible that KNIGHTON's excuses confirm that KNIGHTON knew he was guilty and was trying to avoid responsibility for his crimes.

WHEREFORE, based upon the foregoing, your affiant respectfully requests that a Criminal Complaint and Arrest Warrant be issued based upon probable cause to believe that STEVEN A. KNIGHTON committed violations of Title 21, United States Code, Section 846, by conspiring to possess with intent to distribute, and by attempting to possess with intent to distribute, more than 500 grams of a mixture and substance containing a detectable amount of

cocaine, a Schedule II controlled substance.

_____
CLINTON CALLOWAY
Task Force Agent,
U.S. Drug Enforcement Administration

Sworn to and subscribed before me on this 18th day of April, 2011.

_____
HON. H. KENNETH SCHROEDER, JR.
United States Magistrate Judge