UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                    **DECISION AND ORDER**
                                                12-CR-56S

STEVEN A. KNIGHTON

                Defendant.

## I. INTRODUCTION

Defendant Steven Knighton was indicted in February 2012 on one count of conspiring to possess with the intent to distribute, and to distribute, 500 grams or more of a mixture or substance containing cocaine. (Docket No. 4 (21 U.S.C. § 846).) On December 8, 2014, a jury found Defendant guilty of this charge. Defendant now moves this Court to grant a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure or, alternatively, a new trial pursuant to Rule 33. For the reasons discussed below, Defendant's motion is denied.

## II. DISCUSSION

**A.    Timeliness of Motion**

Generally, the Federal Rules of Criminal Procedure require a defendant to file either a Rule 29 or a Rule 33 motion within 14 days after the verdict or finding of guilty where, as here, the motion is not based on newly discovered evidence. Fed. R. Crim. P. 29(c)(1); 33(b)(2). Nonetheless, a court may extend the time to file such a Rule 29 or 33 motion for good cause. Fed. R. Crim. P. 45 (b)(1)(B). Here, Defendant's trial counsel twice timely moved for an extension of time in which to file the present motion. (Docket Nos. 102, 104.) Prior to the expiration of the second extension, an issue arose with

1

respect to trial counsel's ability to continue to represent Defendant.  (Docket No. 106.) During the time in which it took to resolve this issue and assign new counsel, Defendant continuously expressed his wish to file post-trial motions.  This Court therefore finds good cause to consider the present motions as timely filed.

**B.     Rule 29**

Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, a court must, upon a defendant's motion, "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  A defendant challenging the sufficiency of the evidence bears a heavy burden, and a jury's verdict will be sustained "if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  United States v. Finley, 245 F.3d 199, 202 (2d Cir. 2001), *cert denied* 534 U.S. 1144 (2002) (emphasis in original, citation omitted).  "In evaluating whether the evidence was sufficient to convict a defendant, [a reviewing court] consider[s] all of the evidence, both direct and circumstantial, 'in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government.'"  United States v. Velasquez, 271 F.3d 364, 370 (2d Cir. 2001) (quoting United States v. Walker, 191 F.3d 326, 333 (2d Cir. 1999), *cert denied* 529 U.S. 1080 (2000)), *cert denied* 535 U.S. 965 (2002).  Evidence is considered "in its totality, not in isolation, and the government need not negate every possible theory of innocence."  United States v. Cote, 544 F.3d 88, 98 (2d Cir. 2008); see United States v. Guadagna, 183 F.3d 122, 130 (2d Cir. 1999) ("each fact may gain color from others").  The credibility of the witnesses falls strictly within the province of the jury.  Guadagna, 183 F.3d at 129 (a court must defer to the jury even if the evidence would also support,

in the court's opinion, a different result); see United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003) (court must avoid usurping the role of the jury). A judgment of acquittal is therefore warranted only if the court concludes that the evidence that the defendant committed the crime is non-existent or so meager no rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Velasquez, 271 F.3d at 370; Guadagna, 183 F.3d at 130.

      Here, Defendant contends that the evidence against him was legally insufficient because the Government's case hinged on the credibility of a confidential informant whose testimony was uncorroborated. Defendant acknowledges that "that a federal conviction may be supported 'by the uncorroborated testimony' of even a single accomplice witness 'if that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt.' " United States v. Florez, 447 F.3d 145, 155 (2d Cir. 2006) (quoting United States v. Parker, 903 F.2d 91, 97 (2d Cir.1990)), *cert denied* 549 U.S. 1040 (2006). Indeed, the lack of corroboration goes to the weight of the witness's testimony, not its sufficiency. Florez, 447 F.3d at 155.

      Defendant nonetheless argues that the informant's testimony failed to establish beyond mere speculation either the existence of a conspiracy or Defendant's participation therein. In so arguing, Defendant relies primarily on United States v. Nusraty, wherein the Second Circuit found that an alleged co-conspirator's testimony that he was to deliver heroin to the defendant, even considered in light of the suspicious circumstances under which that defendant was present at the time and place the co-conspirator testified had been arranged, was insufficient to support a conspiracy conviction. 867 F.2d 759, 762-65 (2d Cir. 1989). There, the co-conspirator testified that

he never previously met the defendant, claimed not to be aware himself that he was carrying heroin, and admitted that the defendant refused to accept the suit in which the heroin had been concealed, which the co-conspirator had been told was for the defendant's wedding. Nusraty, 867 F.2d at 761. The Second Circuit found that the suspicious circumstances surrounding the defendant's presence were alone insufficient to support a conviction for conspiracy. Id. at 763.

This Court disagrees with Defendant that the evidence in this case is even less persuasive than that in Nusraty. (Def's Mem of Law at 37.) Here, the informant testified that on March 13, 2009, he was arrested while en route to Buffalo, New York, with seven kilos of cocaine, two of which were to be delivered to Defendant. (Docket No. 116 at 108-9, 113, 116.) The informant specifically described at least three specific multiple-kilo sales of cocaine to Defendant during 2007, as further testified that he had twice-weekly contact with Defendant in the ten months to a year prior to March 2009. (Docket No. 116 at 116-17, 120, 123-31.) He testified that, a few days after the a sale, Defendant would indicate that he was out of cocaine and arrange another shipment. (Docket No. 116 at 124-25, 131.) Sales were in the amounts of up to 20 kilos per week. (Docket No. 116 at 132.) Further, the informant sold a BMW fitted with a secret compartment to Defendant prior to their arrest. (Docket No. 116 at 144.)

At the time of his arrest, the informant told law enforcement that he was delivering the kilos of cocaine in his possession to Defendant and others, with the expectation that he would receive $41- or $42,000 from Defendant. (Docket No. 116 at 138-40, 146-47, 217-18.) He testified that he agreed to cooperate with law enforcement and, while riding with officers the remainder of the way to Buffalo, conversed with

4

Defendant via a push-to-talk phone "[s]o everything would seem normal." (Docket No. 116 at 133-34, 138, 141-42, 147-48.) Upon arrival at the prearranged meeting place, the informant identified Defendant's truck from inside the vehicle in which he was riding with the officers. (Docket No. 116 at 151.) Law enforcement took Defendant into custody and, upon searching his truck, found $41,000 in plastic-wrapped cash, which the informant testified was the manner in which payment was usually packaged. (Docket No. 116 at 34-35, 67-68, 87-88, 161.).

Accordingly, Defendant's conviction in the instant case was based on more than his mere presence or association with persons who might have been associated with narcotics distribution. Cf. Nusraty, 867 F.2d at 764. Further, although Defendant correctly highlights the credibility issues that were raised during trial, such as the inability of law enforcement to confirm that the informant was in fact speaking to Defendant during the car ride to Buffalo, those issues were properly examined by counsel and resolved by the jury. Jackson, 335 F.3d at 180; Guadagna, 183 F.3d at 129; (see Def's Mem of Law at 33-37). The informant's testimony was not incredible on its face, therefore Defendant's motion for a judgment of acquittal is denied.

**C. Rule 33**

Rule 33 provides that a court may grant a defendant's motion for a new trial "if the interest of justice so requires." A district court "has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority 'sparingly' and only in 'the most extraordinary circumstances.' " United States v. Ferguson, 246 F.3d 129, 134 (2d Cir. 2001) (quoting United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992)). "The ultimate test on a

Rule 33 motion is whether letting a guilty verdict stand would be manifest injustice.... There must be a real concern that an innocent person may have been convicted." Ferguson, 246 F.3d at 134. A reviewing court must be satisfied that "competent, satisfactory and sufficient evidence" in the record supports the jury verdict. Sanchez, 969 F.2d at 1414 (internal quotation marks omitted).

Defendant contends that a new trial is warranted because the Government failed to provide impeachment material, specifically law enforcement's "confidential informant file" on the testifying informant, prior to cross-examination in violation of its Brady/Giglio/Jencks obligations. (Def's Mem of Law at 38-40.) Initially, as noted above, the cross-examination of the informant at trial highlighted several credibility issues. As the Government notes, where, as here,

> the [purported] undisclosed evidence merely furnishes an additional basis on which to challenge a witness whose credibility has already been shown to be questionable or is subject to extensive attack by reason of other evidence, the undisclosed evidence may properly be viewed as cumulative, and hence not material, and not worthy of a new trial.

United States v. Persico, 645 F.3d 85, 111 (2d Cir. 2011), *cert denied*, 132 S.Ct. 593 (2011).

Moreover, defense counsel does not address the fact that this issue was identified and raised before the close of proof at trial, the documents were produced,[1] the right to recall the informant witness was granted but not utilized, and a stipulation was entered into by the parties regarding the date of the testifying informant's "deactivation" as a confidential informant. (see Docket Nos. 93, 96, 100, 116, 117.) In light of this failure, Defendant has not established any basis on which this Court could

---

[1] If counsel intended to argue that additional documents existed that were never produced, such an argument is not clear from the supporting brief.

6

conclude that the testimony at a new trial would be materially different, and Defendant's Rule 33 motion is denied.

### III. ORDERS

IT HEREBY IS ORDERED that Defendant's motion for a judgment of acquittal or, alternatively, for a new trial (Docket No. 122) is DENIED.

SO ORDERED.

Dated: November 6, 2015
Buffalo, New York

                                            /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            United States District Judge